In the Matter of the Application of KRAFT CHEESE COMPANY, INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— This proceeding is to review a determination made by the respondent, as Commissioner of Agriculture and Markets, denying petitioner's application for an extension of its license to sell sour cream of a particular manufacture on certain routes in the city of New York. Petitioner does not propose to take over new or additional milk routes, but desires to sell, as exclusive distributor, " Breakstone Bros." sour cream on routes now being served by petitioner for the sale of its cheese products. The petitioner, as a subsidiary of National Dairy Products and formerly as Kraft-Phœnix Cheese Corporation, has been engaged in business as a cheese

manufacturer and distributor for a period of about thirty-five years, distributing cheese products on forty-three routes operated by it in the boroughs of Queens, Kings, Manhattan and the Bronx. Breakstone Brothers, Inc., also a subsidiary of National Dairy Products, has not been a distributing organization, but sold sour cream for many years through an associated distributing outlet known as the Merit-Kingston Division. Breakstone Brothers, Inc., discontinued the distribution of sour cream through the Merit-Kingston organization some time in 1940, the number of routes discontinued being eighteen. Thereafter, Breakstone Brothers, Inc., sold four routes, with their good will, to another concern and transferred the good will of the remaining fourteen routes to independent distributors or jobbers. At the time Breakstone Brothers, Inc., entered into an agreement with petitioner giving it the sole and exclusive right to sell and distribute " Breakstone Bros." sour cream, it had already transferred its good will in the former Merit-Kingston distributing business to these jobbers. The Commissioner found that the extension of petitioner's license to permit it to have the sole and exclusive right to distribute " Breakstone Bros." sour cream would destroy the business and good will which Breakstone Brothers, Inc., had already transferred to the jobbers. The Commissioner also found that there are a number of milk dealers handling this particular brand of sour cream and that the granting of the petition would create competition that would tend to demoralization in a market already adequately served. There is ample proof to support the Commissioner's determination. The Commissioner weighed the evidence and determined that the granting of this license would be destructive and not in the public interests. Such determination was justified. (*Matter of Elite Dairy Products* v. *Ten Eyck*, 271 N. Y. 488.) The argument that in making his determination the Commissioner did not exercise lawfully delegated power and that the statute under which he acted was unconstitutional is without merit. Nor was there error in refusing to admit in evidence as part of petitioner's formal application certain correspondence which forms no part of the application for license extension. It may not be found that the Commissioner acted unreasonably or arbitrarily, and his finding being supported by the evidence, the determination should be confirmed. Determination confirmed, with ten dollars costs and disbursements. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.